IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DONALD ROUSE, JR., <br><br> Plaintiff, <br><br> V. <br><br> TRACTOR SUPPLY COMPANY; USPG PORTFOLIO TWO, LLC; TREECE LAWN CARE & PRESSURE WASHING, INC.; JOHN DOE #1; AND JOHN DOE #2, <br><br> Defendants. | C.A. NO.: 4:25-CV-556-JD <br><br><br> **NOTICE OF AND PETITION FOR REMOVAL** |

**TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA; THE COURT OF COMMON PLEAS FOR MARION COUNTY AND ALL PARTIES AND ATTORNEYS OF RECORD:**

YOU WILL PLEASE TAKE NOTICE that Defendant USPG Portfolio Two, LLC (hereinafter "USPG"), does hereby invoke the removal jurisdiction of the United States District Court for the District of South Carolina on the following grounds:

**FIRST:** On or about December 20, 2024, the Plaintiff named above filed a civil action against Tractor Supply Company (hereinafter "Tractor Supply"), USPG, Treece Lawn Care & Pressure Washing, Inc. (hereinafter "Treece"), John Doe #1, and John Doe #2 in the Circuit Court of Marion County, South Carolina as Case No. 2024-CP-33-00829 ("the Marion County Action"). Upon information and belief, USPG and Tractor Supply were served with Plaintiff's Summons and Complaint on January 9, 2025. Upon information and belief, Treece has not been served with Plaintiff's Summons and Complaint. Therefore, USPG has complied with the 30-day removal requirement set forth in 28 U.S.C. § 1446. Tractor Supply has consented to the removal of this action.

1

**SECOND:** Complete diversity of the parties exists pursuant to 28 U.S.C. § 1332 and this matter is removeable pursuant to 28 U.S.C. § 1441. Defendants have not filed anything in the Marion County Action. USPG files and presents this Notice of Removal "within thirty days after receipt by the defendant[s], through service or otherwise, of a copy of an … other paper from which it may first be ascertained that the case is one which is or has become removable" as required by ; .

**THIRD:** This action is removable to the United States District Court based upon 28 U.S.C. § 1441. The above-described action is a civil action over which this Court has jurisdiction by way of diversity pursuant to 28 U.S.C. § 1332 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, is between citizens of different states, and is one which may be removed to this Court by USPG pursuant to 28 U.S.C. § 1441. This Court has supplemental jurisdiction over all claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367.

**FOURTH**: Plaintiff is a resident and citizen of South Carolina. (*Compl.* at ¶ 1). USPG is a limited liability company organized under the law of the State of Delaware, with its principal place of business in the State of Ohio. Tractor Supply is a publicly held company with its principal place of business in Tennessee. Further, Tractor Supply is the parent of the following companies: Del's Farm Supply, Tractor Supply Company of Michigan, and Pet Sense. Upon information and belief, Treece is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Georgia. (*Id*. at 4). As for John Doe #1 and John Doe #2, "the citizenship of defendants sued under fictitious names shall be disregarded" in considering whether complete diversity exists. 28 USC § 1441(b)(1). The Plaintiff's Complaint <u>did not</u> seek to limit its damages below the jurisdictional threshold. (*See Compl.*) The Marion County Action asserts the following causes of action: (1) "Premises Liability as to Defendants Tractor Supply, USPG Portfolio & John Doe #1" and (2) "Negligence as to Defendants Treece and John Doe #2." (*Id*. at

17-25). Punitive damages, when sought, must be considered in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943).[1] The Fourth Circuit has held that "the amount in controversy may be calculated as the value to either party." *Jones v. Allstate Ins. Co.,* 258 F. Supp. 2d 424, 428 (D.S.C. 2003) (quoting *Gov't Emp. Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)). Given the language of the Complaint, it cannot be said to a "legal certainty" that the amount in controversy is less than $75,000.00, thus, making this matter removable. *Wiggins v. North American Equitable Life Assurance Co.,* 644 F.2d 1014, 1017 (4th Cir. 1981). Thus, the jurisdictional threshold has been satisfied.

**FIFTH:** Copies of all process, pleadings and orders served upon the USPG in this action are attached hereto collectively as **Exhibit A** and are incorporated herein by reference.

**SIXTH:** Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the USPG's right to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

**SEVENTH:** Pursuant to 28 U.S.C. § 1446(c), this Notice of and Petition for Removal is being filed within one (1) year after the date of the commencement of the original action.

**EIGHTH:** USPG is providing the Clerk of Court from which this action was removed with a copy of this Notice of and Petition for Removal.

WHEREFORE, USPG prays that this Honorable Court accept this Notice of and Petition for Removal and hereby undertake jurisdiction in the above-entitled cause of action now pending in the Court of Common Pleas for the County of Marion, State of South Carolina, that the same be

---

[1] It has been noted by Judge Shedd, that "the plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages. . . ." *Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp.2d 530, 532 (D.S.C. 1999).

3

removed to this Honorable Court and that all proceedings in said case in the Court of Common Pleas for the County of Marion, State of South Carolina, be stayed.

Dated this __30th____ day of January, 2025.    WALL TEMPLETON & HALDRUP, P.A.

*s/ James C. Land*
Ford H. Thrift (FED ID #12881)
Jamie Land (FED ID #14160)
145 King Street, Suite. 300
Post Office Box 1200
Charleston, South Carolina 29402
Telephone: 843-329-9500
Ford.Thrift@WallTempleton.com
Jamie.Land@WallTempleton.com
***Attorneys for Defendant USPG Portfolio Two, LLC***

4