IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald Rouse, Jr., | ) | Case No.: 4:25-cv-0556-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Tractor Supply Company; USPG | ) | |
| Portfolio Two LLC; Treece Lawn Care | ) | |
| & Pressure Washing Inc.; John Doe | ) | |
| #1; and John Doe #2, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 41), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns Defendants Tractor Supply Company, USPG Portfolio Two, LLC, and Treece Lawn Care & Pressure Washing, Inc.'s (collectively, "Defendants") Joint Motion to Dismiss (DE 25) and recommends that this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## A.     Background

The Court incorporates the factual and procedural background set forth in the Report and summarizes only those matters necessary to explain this ruling.

Plaintiff Donald Rouse, Jr. ("Plaintiff"), at the time represented by counsel, initiated this action in the Marion County Court of Common Pleas on December 20, 2024, against Tractor Supply Company, USPG Portfolio Two LLC, Treece Lawn Care

1

& Pressure Washing Inc., and two unidentified John Doe defendants. The action was removed to this Court on January 30, 2025. (DE 1.)

On October 2, 2025, Plaintiff's counsel moved to withdraw from representation, and the Motion was granted on November 7, 2025. (DE 19; DE 20.) By Text Order dated November 7, 2025, the Court directed Plaintiff, within thirty days, to either retain new counsel and have counsel file a notice of appearance or notify the Court in writing of his intent to proceed pro se. (DE 21.) Plaintiff was further advised that failure to comply could result in dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Id*.) Plaintiff did not respond.

On December 11, 2025, Defendants Tractor Supply Company, USPG Portfolio Two LLC, and Treece Lawn Care & Pressure Washing Inc. filed a Joint Motion to Dismiss. (DE 25.) Because Plaintiff was proceeding *pro se*, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the significance of the Motion and warning that failure to respond could result in dismissal of the action. (DE 29.) Plaintiff failed to respond within the time permitted.

Thereafter, on March 24, 2026, the Magistrate Judge issued an Order directing Plaintiff to notify the Court whether he wished to continue prosecuting this action and to respond to Defendants' Motion to Dismiss by April 23, 2026. (DE 36.) The Order expressly warned Plaintiff that failure to comply would result in a recommendation that the action be dismissed with prejudice. (*Id*.) Plaintiff did not

respond. Accordingly, Defendants' Motion to Dismiss remained pending without response for several months.

## B.    Report and Recommendation

On April 28, 2026, the Magistrate Judge issued the present Report recommending that this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (DE 41.)

The Report notes that despite being advised of the significance of Defendants' Joint Motion to Dismiss through a *Roseboro* Order, Plaintiff failed to file a response within the time permitted. (DE 29.) The Magistrate Judge further observed that Plaintiff failed to comply with the Court's prior order directing him to either retain counsel or notify the Court of his intent to proceed pro se and, despite a subsequent order directing Plaintiff to advise whether he wished to continue prosecuting the action and respond to the pending Motion, Plaintiff again failed to respond. (DE 21; DE 36.)

The Report further notes that Defendants' Motion to Dismiss had been pending for nearly five months without a response from Plaintiff and that, under those circumstances, it appeared Plaintiff did not oppose the Motion and wished to abandon the action. Taking into account the factors identified in *Davis v. Williams,* 588 F.2d 69 (4th Cir. 1978), *Ballard v. Carlson,* 882 F.2d 93 (4th Cir. 1989), and *Chandler Leasing Corp. v. Lopez,* 669 F.2d 919 (4th Cir. 1982), the Magistrate Judge concluded that dismissal pursuant to Rule 41(b) is appropriate. (DE 41.) Accordingly, the

Magistrate Judge recommends that this action be dismissed with prejudice for failure to prosecute. (*Id.*)

**C.    Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record.

Upon review of the Report and the record in this matter, the Court finds no clear error.

### E.    Conclusion

Accordingly, after a careful review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 41) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Defendants' Joint Motion to Dismiss (DE 25) is **TERMINATED AS MOOT**.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 12, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.